PERRY, Senior Justice,
concurring in part and dissenting in part.
I concur in the majority’s conclusion that Gaskin’s claim of improper doubling is untimely and proeedurally barred. See majority op. at 401. However, I respectfully dissent from the majority’s decision not to apply Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 604 (2016), retroactively.
I dissent because Hurst v. Florida does apply retroactively to Gaskin’s easel In his present appeal, Gaskin once again challenges the constitutionality of Florida’s death penalty statute. The majority concluded that Gaskin was not eligible for Hurst v. Florida relief because Gaskin’s sentences became final in 1993, before the United States Supreme Court decided Ring v. Arizona, 536 U.S. 684, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). See majority op. at 401.
For the reasons I dissented in part in Asay, I cannot agree with the majority’s decision to limit the retroactive effect of Hurst v, Florida to those cases that were not final before Ring. See Asay v. State, 210 So.3d 1, 37, 2016 WL 7406538 at *26 (Fla. 2016) (Perry, J., dissenting). I would find that Hurst v. Florida applies retroactively regardless of whether a sentence *405 became final before or after the Ring decision.